UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTEN REETZ, | CASE NO. C17-0084JLR |
| Plaintiff, | ORDER DENYING MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD |
| v. | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is Plaintiff Kristen Reetz's motion to supplement the administrative record in this action with the Social Security Administration's ("SSA") determination that she is disabled and the vocational evidence presented at the SSA hearing. (Mot. (Dkt. # 14).) Having considered the parties' submissions, the relevant portions of the record, and the applicable law, the court DENIES Ms. Reetz's motion to supplement.

## II. BACKGROUND

This case arises from Defendant Hartford Life and Accident Insurance Company's ("Hartford") termination of Ms. Reetz's long-term disability ("LTD") benefits. (Compl. (Dkt. # 1) ¶¶ 5.2-5.5.) Ms. Reetz was at all times a participant, as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(7), in a Group Long Term Disability Plan (the "Plan") provided by Hartford (Compl. ¶¶ 4.6-4.14). The Plan is an "employee benefit plan" as defined by ERISA. *See* 29 U.S.C. § 1002(3). Hartford issues benefits for those who meet the terms and conditions of the Plan. (Compl. ¶ 4.7.)

As a result of an illness that began on or about March 7, 2014, Ms. Reetz was allegedly unable to perform one or more of the essential duties of her job. (*Id.* ¶ 4.19.) Hartford determined that Ms. Reetz was disabled within the meaning of the Plan and began paying her LTD benefits on June 6, 2014. (*Id.* ¶ 4.21.)

On October 24, 2014, Hartford advised Ms. Reetz that she must apply to the SSA for Social Security Disability Insurance ("SSDI") benefits. (*Id.* ¶ 4.23.) SSDI benefits would offset any LTD payments that Hartford made to Ms. Reetz. (Administrative Record (Dkt. # 15) ("AR") at 6-7, 18, 22, 449, 459.) Hartford provided Ms. Reetz with attorneys who assisted her in submitting a SSDI application. (Compl. ¶ 4.24.) Although Ms. Reetz's application was initially denied, Ms. Reetz filed a request for reconsideration and initiated the SSA administrative appeal process. (*See id.* ¶¶ 4.25-4.29.)

On April 28, 2016, as Ms. Reetz's SSA appeal was pending, Hartford terminated Ms. Reetz's LTD benefits, explaining via letter that she no longer qualified as disabled

under the Plan. (*Id.* ¶ 4.31.) Ms. Reetz, without representation, appealed the benefit termination in May. (*Id.* ¶ 4.34.) Hartford informed Ms. Reetz that "it is her responsibility to provide info[rmation] on appeal and [that] she may submit whatever she chooses." (*Id.* ¶ 4.35.)

Two months later, on July 30, 2016, the SSA determined that Ms. Reetz was disabled based on the testimony of a vocational expert, Dr. Paul Prachyl. (*Id.* ¶ 4.36; Reetz Decl. (Dkt. # 16) ¶¶ 9-10, Ex. 7 at 27.) Due to the award of SSDI benefits, Ms. Reetz repaid Hartford $28,817.99 on August 4, 2016. (AR at 538.)

On August 19, 2016, Hartford denied Ms. Reetz's appeal of the termination of benefits. (*Id.* at 324-29.) Hartford stated that it considered the "SSA's disability determination as one piece of relevant evidence" but determined that the ultimate decision of non-disability was "based on vocational evidence which the SSA is not required to use in the same way." (*Id.* at 328-29.) Having exhausted her administrative remedies, Ms. Reetz initiated this suit in federal court. (*See generally* Compl.) Hartford's claim file—the current administrative record—contains neither the SSA's disability determination nor Dr. Prachyl's testimony. (Crawford Decl. (Dkt. # 15) ¶ 4; *see generally* AR.)

### III. ANALYSIS

Ms. Reetz moves the court to supplement the existing administrative record with the SSA's disability determination and Dr. Prachyl's testimony at the hearing. (Mot. at 1.) Hartford opposes the motion and argues that Ms. Reetz has not shown any exceptional circumstances that would warrant supplementing the administrative record.

(Resp. (Dkt. # 24) at 1.)

The parties agree that the court's review of Hartford's benefit determination is *de novo*. (*See* Mot. at 5-6; Resp. at 1-2; Crawford Decl. ¶ 5.) Under *de novo* review, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006). The administrator's decision is accorded no deference. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 n.2 (9th Cir. 1999). The court evaluates whether the claimant was "entitled to benefits based on the evidence in the administrative record and other evidence as might be admissible under the restrictive rule of [*Mongeluzo v. Baxter Travenol Long Term Disability Benefits Plan*, 46 F.3d 938, 943 (9th Cir. 1995)]." *Opeta v. Nw. Airlines Pension Plan for Contract Emps.*, 484 F.3d 1211, 1217 (9th Cir. 2007) (internal quotation marks omitted).

In *Mongeluzo*, the Ninth Circuit explained that "[i]n most cases . . . the district court should only look at the evidence that was before the plan administrator . . . at the time of the determination." 46 F.3d at 944. This restriction to the administrative record is based on the principle that district courts "should not function 'as substitute plan administrators,' and that expanding the record on appeal 'would frustrate the goal of prompt resolution of claims by the fiduciary under the ERISA scheme.'" *Dorsey v. Metro. Life Ins. Co.*, No. 2:15-cv-02126-KJM-CKD, 2017 WL 3720346, at *10 (E.D. Cal. Aug. 29, 2017) (quoting *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1472 (9th Cir. 1993)). Evidence outside of the administrative record is considered "only when circumstances clearly establish that additional evidence is necessary to conduct an

adequate *de novo* review of the benefit decision." *Mongeluzo*, 46 F.3d at 944 (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir. 1993) (en banc)) (internal quotation marks omitted).

The Ninth Circuit has articulated what "certain limited circumstances" may render the consideration of additional evidence necessary. *Opeta*, 484 F.3d at 1217 (citing *Mongeluzo*, 46 F.3d at 943-44). These exceptional circumstances include:

> claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Id.* (quoting *Quesinberry*, 987 F.2d at 1027).

Although Ms. Reetz does not explicitly argue that her situation falls within any of the above exceptional circumstances (*see* Mot.), she implies that the SSA determination and hearing evidence qualify as "additional evidence that the claimant could not have presented in the administrative process." *See Opeta*, 484 F.3d at 1217; (*see also* Mot. at 7 (citing cases where SSA determinations could not have been presented during the administrative process)). The court disagrees and finds that Ms. Reetz could have presented her SSA decision and the hearing evidence during her appeal of the Hartford denial; thus, Ms. Reetz fails to establish any exceptional circumstance in which consideration of evidence outside the administrative record is necessary.

//

The Ninth Circuit considered similar circumstances in *Kearney v. Standard Insurance Company*, 175 F.3d at 1091. In that case, the district court had declined to consider extrinsic evidence because the claimant "could as easily have submitted this material to [the administrator]." *Id.* The Ninth Circuit agreed. *Id.* Because "[n]o reason has been suggested why [the claimant] could not have submitted the [extrinsic evidence] to [the administrator]," the consideration of the extrinsic evidence "under *Mongeluzo* [is] disfavored." *Id.* Thus, the Ninth Circuit held that the district court correctly limited its review to the administrative record. *Id.* (characterizing the district court's reasons as "good ones under *Mongeluzo*" and "sensible in the circumstances of this case").

Similarly here, Ms. Reetz could have submitted the SSA materials—which she now wishes to include—to Hartford during the administrative process. The SSA determination occurred in July 2016, while the Hartford appeal was still pending. (Compl. ¶ 4.36.) Hartford did not issue a final decision until August 2016. (*Id.* ¶ 4.40.) Thus, like the claimant in *Kearney*, Ms. Reetz "could as easily have submitted" both the SSA's written decision and Dr. Prachyl's testimony to Hartford during the appeal process. *See* 175 F.3d at 1091. Accordingly, Ms. Reetz has not demonstrated any "limited circumstances" that render consideration of extrinsic evidence necessary. *See id.*; *Opetz*, 484 F.3d at 1217.

Indeed, the timing of Ms. Reetz's benefits determination distinguishes the circumstances here from the various cases on which she relies. Ms. Reetz identifies three cases where "courts specifically considered evidence regarding [SSA] awards when that evidence was not in the insurer's claim file." (Reply at 1-2.) Each of those cases,

however, considered SSA determinations that occurred after the administrator's final decision. *See O'Neal v. Life Ins. Co. of N. Am.*, 10 F. Supp. 3d 1132, 1136-37 (D. Mont. 2014) (referring to "post-denial award of Social Security disability benefits")[1]; *Oldoerp v. Wells Fargo & Co. Long Term Disability Plan*, 12 F. Supp. 3d 1237, 1248, 1250 (N.D. Cal. 2014) (considering July 14, 2008, SSA determination after the administrator's final decision on June 5, 2008); *Schramm v. CNA Fin. Corp. Insured Grp. Ben. Program*, 718 F. Supp. 2d 1151, 1161, 1165 (N.D. Cal. 2010) (considering October 15, 2009, SSA determination after the administrator's final decision on March 12, 2009). The court agrees that in such a situation—where the SSA determination did not occur until after the administrator's final decision—the claimant could not have presented the additional evidence in the administrative process. But, as discussed above, that is not the chronology here. Thus, these cases do not support Ms. Reetz's motion.

Ms. Reetz argues that she cannot be blamed for failing to provide Hartford with the SSA evidence because Hartford should have asked for the information. (*See* Mot. at 10; Reply at 3-4.) In support, she cites to various cases that place the responsibility of obtaining additional information on the administrator. (*See, e.g.*, Mot. at 10 (citing *Robertson v. Standard Ins. Co.*, 139 F. Supp. 3d 1190, 1206 (D. Or. 2015).) But Ms. Reetz misunderstands this case law. Those cases were all determined under an abuse of

---

[1] Ms. Reetz characterizes *O'Neal v. Life Insurance Company of North America*, 10 F. Supp. 3d at 1136-37, as a case where the court specifically considered an SSA determination. (Reply at 1-2.) This characterization is inaccurate. *O'Neal* mentioned SSA determinations only in passing and in fact, explicitly states that "neither party contends that . . . any additional evidence outside the administrative record should be considered." 10 F. Supp. 3d at 1136-37.

discretion standard, where an administrator's failure to adequately consider an SSA decision may constitute an abuse of discretion. *See Robertson*, 138 F. Supp. 3d at 1206; *Sterio v. HM Life*, 369 F. App'x 801, 803 (9th Cir. 2010); *Gorbacheva v. Abbott Labs. Extended Disability Plan*, No. 5:14-cv-02524-EJD, 2016 WL 3566979, at *7 (N.D. Cal. June 30, 2016). In an abuse of discretion context, an administrator cannot shirk its obligation by arguing that the claimant did not submit the SSA information. *See id.* But on *de novo* review, it is "irrelevant whether and to what extent [the administrator] considered the SSA's decision in making its ultimate decision." *Pearson v. Aetna Life Ins. Co.*, No. C15-0245JLR, 2016 WL 2745299, at *6 n.11 (W.D. Wash. May 10, 2016). Thus, an administrator's obligation to ask for extrinsic evidence under an abuse of discretion standard does not necessarily exist under a *de novo* standard of review, and the court declines to apply such a requirement on *de novo* review to excuse Ms. Reetz's failure to provide the evidence she now seeks to include.[2]

Even if Ms. Reetz had established the existence of an "exceptional circumstance" as is required under *Opetz*, 484 F.3d at 1219, the court is unpersuaded that the SSA decision is relevant to the *de novo* review of Hartford's disability determination under the Plan. Ms. Reetz insists that the SSA determination is "highly relevant" because it employed a "more strict standard . . . than the Hartford definition." (Reply at 4-5

---

[2] Ms. Reetz also points out that she was unrepresented during the administrative appeal process. (Mot. at 10; Reply at 4.) But she provides no case law stating that proceeding *pro se* impacts whether a claimant "could" have presented the extrinsic evidence. (*See generally id.*); *see Opetz*, 484 F.3d at 1219. Indeed, the court is not aware of any precedent suggesting that *pro se* status is relevant to a motion to supplement. Thus, the court finds that Ms. Reetz's *pro se* status does not mean that she "could not have presented" the SSA evidence to Hartford.

(emphasis removed).) The court addressed a similar argument in *Pearson v. Aetna Life Insurance Company*, where the claimant also emphasized that "the SSA determination was based on a more stringent standard than the [Plan] imposes." 2016 WL 2745299, at *6. But because the court would "base[] its analysis on a different record than the ALJ reviewed," the *Pearson* court found the SSA decision "only somewhat relevant," "[w]hether or not [the claimant's] comparison of the applicable standards is fully accurate." *Id.* at *7. The court reaches the same conclusion here. Regardless of whether the SSA standard was more stringent, the court will be analyzing a different record than the one the SSA reviewed. Thus, the court concludes that the SSA determination and the underlying testimony would be, at best, "somewhat relevant" to determining whether Hartford correctly or incorrectly denied benefits under the Plan. *See id.*

Because Ms. Reetz has failed to establish the existence of any "exceptional circumstances" to warrant the consideration of extrinsic evidence, the court limits its review to the administrative record that was before Hartford at the time of its decision.

### IV. CONCLUSION

For the foregoing reasons, the court DENIES Ms. Reetz's motion to supplement the record (Dkt. # 14).

Dated this 8th day of November, 2017.

JAMES L. ROBART
United States District Judge