UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTEN REETZ,<br><br>                Plaintiff,<br><br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>                Defendant. | CASE NO. C17-0084JLR<br><br>ORDER ON ATTORNEYS' FEES |

## I. INTRODUCTION

This matter comes before the court on Plaintiff Kristen Reetz's motion for award of attorneys' fees and costs. (Mot. (Dkt. # 39).) Defendant Hartford Life and Accident Insurance Company ("Hartford") opposes the motion. (Resp. (Dkt. # 42).) Having considered the submissions of the parties, the balance of the record, and the relevant law, the court GRANTS in part and DENIES in part Ms. Reetz's motion. For the reasons

//

stated below, the court awards Ms. Reetz $95,410.00 in attorneys' fees and $806.94 in costs.

## II. BACKGROUND

On February 16, 2018, the court granted Ms. Reetz's motion for judgment. (*See* 2/16/18 Order (Dkt. # 37) at 33.) As part of that order, the court awarded attorneys' fees to Ms. Reetz and directed Ms. Reetz to file a motion for attorneys' fees detailing the reasonable amount of fees sought. (*Id.*) Ms. Reetz filed her motion on February 26, 2018, stating that her counsel Mel Crawford worked 157 hours at a rate of $500.00 per hour and that her counsel Jeffrey Cowan worked 89.3 hours at a rate of $450.00 per hour. (Mot. at 11.) Thus, in total, Ms. Reetz requests attorneys' fees of $118,685.00 and costs of $806.94. (*Id.* at 12.) Hartford responded that Ms. Reetz's request was unreasonable and asked the court to reduce the fees payable to $42,350.00. (Resp. at 1-2.) The court now addresses the motion.

## III. ANALYSIS

The court has discretion under 29 U.S.C. § 1132(g)(1) to award reasonable attorneys' fees and costs if a party has achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). The court finds that Ms. Reetz has achieved a "degree of success on the merits" and thus is entitled to an award of attorneys' fees and costs. (*See generally* 2/16/18 Order.)

Hartford does not contend that Ms. Reetz is disqualified from an award of attorneys' fees and costs; instead, Hartford asks the court to reduce the award for two

//

primary reasons: (1) some of the time spent by Ms. Reetz's counsel was unnecessary; and (2) the claimed rates are excessive. (*See* Resp. at 1; *see generally id.*)

To determine whether the requested fees are reasonable, the court applies the lodestar method. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under this method, the court first determines a lodestar figure by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Id.* The court "may then adjust this lodestar calculation by other factors." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989). "The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007).

Hartford first contends that Ms. Reetz's attorneys' fees should be reduced as partially unnecessary, excessive, and/or redundant. (*Id.* at 3.) Hartford attacks, in particular, the time Ms. Reetz's counsel spent on her motion to supplement the administrative record. (*See id.* at 4; *see also* Mot. to Supp. (Dkt. # 14).) Hartford also contends that the time Ms. Reetz's counsel expended was excessive, redundant, or delegable to either lower-rate attorneys or staff. (Resp. at 5-8.) The court, after reviewing the time records submitted by Ms. Reetz's attorneys (*see* Crawford Decl. (Dkt. # 40); Cowan Decl. (Dkt. # 41)), agrees with Hartford that some reduction is in order. The court finds that Mr. Crawford should be credited with 128 hours worked and Mr. Cowan should be credited with 69.8 hours because those are what was reasonably spent on the litigation. *See Hensley*, 461 U.S. at 433.

//

Second, Hartford contends that Ms. Reetz's requested rates are excessive. A reasonable hourly rate is established by the experience, skill, and reputation of the attorney requesting the fee. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995). In determining a reasonable hourly fee, the court looks to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Having reviewed the information submitted and considered the arguments of counsel, the court finds Mr. Crawford's reasonable rate is $500.00 an hour and Mr. Cowan's reasonable rate is $450.00 an hour.

Thus, the court finds the following lodestar figures:

(1) Utilizing 128 hours at $500.00 an hour, Mr. Crawford's lodestar fee amount is $64,000.00.

(2) Utilizing 69.8 hours at $450.00 an hour, Mr. Cowan's lodestar fee amount is $31,410.00.

Accordingly, the lodestar amounts total $95,410.00. Ms. Reetz also claims $806.94 of costs associated with this matter. (*See* Mot. at 12); *see also Trs. of Constrs. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1258 (9th Cir. 2006). Hartford does not challenge this amount. (*See generally* Resp.) Thus, in all, Ms. Reetz should be awarded $95,410.00 of attorney fees and $806.94 of costs.

//
//
//
//

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Ms. Reetz's motion for attorneys' fees (Dkt. # 39). The court awards Ms. Reetz $95,410.00 in fees and $806.94 in costs.

Dated this 5th day of April, 2018.

JAMES L. ROBART
United States District Judge